*1163 OPINION.
Trammell :
The question involved in this appeal is whether the contributions or gifts made by the taxpayer come within the provisions of section 214 (a) (11) of the Revenue Act of 1918, which provides as folloAvs:
Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 óf the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer’s net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rulos and regulations prescribed by the Commissioner, with the approval of the Secretary. In the case of a nonresident alien *1164 individual this deduction shall be allowed only as to contributions or gifts made to domestic corporations, or to such vocational rehabilitation fund.
All contributions or gifts made by a taxpayer are not deductible. In order that they may be deductible it must first appear that they were made to a corporation, as defined by the Act. If so, the next inquiry is whether such corporation was organized and operated exclusively for the purposes set forth in the above-quoted section of the statute.
The contributions or gifts made by the decedent were to the committee. It was not contended that they were to or for the Knights of Columbus. The funds were deposited in the name of the committee and disbursements were made by it. This committee was not incorporated.
The taxpayer contends that the contributions made by the decedent to the committee were deductible because the committee was a charitable association and as such, by virtue of the definition in the Revenue Act, is to be treated as a corporation. We can not adopt this view. The committee, as shown by the evidence, was entirely informal. It was not organized and had none of the characteristics •which are commonly recognized as those of an association. It was precisely what its name connoted — a committee. We are compelled, therefore, to hold that contributions made to it were not contributions to a corporation within the meaning of the statute and therefore are not deductible.
In view of the basis of the decision, it is unnecessary to decide the question whether the committee met the other requirements of the statute, or to consider whether contributions made directly to an incorporated chapter of the Knights of Columbus were deductible in the years in question.